MONTALVO, PETICIONARIO, *v.* SOTO NUSSA, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Aguadilla en un caso por desacato.

No. 125.—Resuelto en junio 4, 1914.

CERTIORARI—DESACATO—JURISDICCIÓN—ERRORES DE PROCEDIMIENTO.—Es impro- cedente el recurso de *certiorari* para anular una sentencia condenatoria dic- tada en un caso por desacato, cuando la corte actuó dentro de su jurisdicción y no cometió error alguno de procedimiento.

ID.—DESACATO—CUESTIONES QUE PUEDEN REVISARSE.—En casos de certiorari para anular una sentencia condenatoria dictada en un procedimiento de desacato, sólo debe investigarse si la corte actuó con jurisdicción y si siguió el debido procedimiento de ley.

ID.—DESACATO—APRECIACIÓN DE LA PRUEBA POR EL TRIBUNAL SENTENCIADOR.— En casos de *certiorari* para revisar procedimientos por desacato, la aprecia- ción de las pruebas y de las demás circunstancias del caso, corresponde, por regla general, a la corte sentenciadora.

Los hechos expresados en la opinión.

El peticionario compareció en nombre propio.

El demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri- bunal.

De la larga y confusa solicitud de *certiorari* presentada en este caso, puede deducirse lo siguiente:

En la Corte de Distrito de Aguadilla se siguió un pleito por *Joaquín Oronoz v. Susano Montalvo,* sobre *injunction* para recobrar la posesión material de propiedad inmueble. El pleito se decidió en favor del demandante y la sentencia dictada quedó firme. En la ejecución de la sentencia, según el demandante, se requirió al demandado para que dejara a la libre disposición del demandante la finca en cuestión y el demandado Susano Montalvo manifestó que no estaba dis- puesto a desocuparla porque una parte era de su propiedad,

y la otra del Lcdo. Víctor P. Martínez. Puesto tal hecho en conocimiento de la corte, ésta ordenó que se citara a los dichos Montalvo y Martínez para que mostraran causas por las cuales no debían ser castigados por desacato. El 11 de mayo de 1914 comparecieron Montalvo y Martínez y el abogado del demandante en el pleito de *injunction.* Se practicaron pruebas y la corte, el 15 de mayo de 1914, absolvió a Martínez y declaró culpable a Montalvo condenándolo a pagar $90 de multa o en su defecto a sufrir 30 días de cárcel.

Habiendo en consideración lo expuesto ¿puede concluirse que sea éste un caso revisable por medio de un auto de *certiorari?* Veámoslo.

La jurisdicción de la Corte de Distrito de Aguadilla para investigar y castigar el desacato que pueda haberse cometido, es indiscutible. Los procedimientos que se han seguido, según constan de la misma solicitud, no son erróneos. Se puso en conocimiento de la corte el hecho ocurrido. Se trataba de una orden expedida para ejecutar una sentencia firme y de una desobediencia de esa orden. Se dió a los acusados oportunidad para mostrar razones por virtud de las cuales no debía castigárseles por desacato. Se celebró en efecto una comparecencia y se presentaron pruebas por los mismos acusados. La corte apreció los hechos y la ley y dictó su sentencia absolviendo a uno de los acusados y condenando a otro y la pena que impuso está dentro del límite autorizado por el estatuto. No existiendo, pues, falta de jurisdicción, ni habiéndose cometido error alguno de procedimiento, la pregunta formulada debe responderse en la negativa.

Los errores apuntados y argumentos hechos por el peticionario en su solicitud son algunos extraños a la verdadera cuestión debatida y otros impropios de un recurso extraordinario de *certiorari.* Sólo nos toca investigar en casos de esta naturaleza si la corte inferior actuó con jurisdicción y si siguió el debido procedimiento de ley. La apreciación de las pruebas y de las demás circunstancias del caso, corres-

ponde por regla general a la corte sentenciadora. Debe desestimarse la solicitud.

*Desestimada la solicitud y denegada la expedición del mandamiento.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.